*York & Ferguson, for appellants.*

---

M. CHAMBERLAIN, ET AL. *v.* JAMES McKINNEY.

[Abstract Kentucky Law Reporter, Vol. 6—365.]

**Parol Gift of Land.**

If a daughter enters into possession of real estate under an inconditional parol gift and claims the land under such gift for many years, the fact that she may have anticipated that her father who made such gift would make her a deed will not invalidate her title. The gift, the entry under it and the continued possession claiming it as her own for fifteen years or more will convert her claim into a perfect title.

APPEAL FROM RUSSELL CIRCUIT COURT.

November 1, 1884.

OPINION BY JUDGE PRYOR:

The evidence on the part of the appellant conduces to show that the land in controversy was given by parol to his daughter, Mrs. Chamberlain, in the year 1864, and that she had been in the actual possession of the land for near eighteen years claiming it as her land under the parol gift. If the jury believed this then the plea of limitation presented a bar to the recovery. On the other hand the testimony on the part of the father conduced to show that she entered upon the land by the mere permission of her father, and that no gift of the land was made but that she held it under him and subject to his control. If the jury should believe this state of facts the appellee was entitled to recover.

Instruction No. 2 given by the court we think was calculated to mislead the jury. That she entered and held under a title derived from the father is manifest and may have expected that at his death or sooner he would convey or devise this land to her so as to place her right beyond controversy. Still if she entered under an unconditional parol gift and has claimed the land under that gift since the entry, the fact that she may have anticipated such action on the part of her father as making her a deed will not invalidate the title. The gift, the entry under it, and the continued possession claiming it as her own for fifteen years or more prior to the institution of the action will convert her claim into a perfect title. If she entered by the mere permission of the father expecting him to give it to her, then she can not convert her possession into a hostile holding so as to defeat the recovery nor will the law presume a gift from the entry and possession under such circumstances. And instruction No. 2 should have been modified so as to convey the idea to the jury. We forbear discussing the facts further as the case will have to be returned and with the modification as herein indicated the jury must again pass on the facts. (See *Commonwealth v. Gibson*, 85 Ky. 671, 9 Ky. L. 205, 4 S. W. 453.)

Judgment *reversed* and cause remanded for a new trial consistent with this opinion.

*Montgomery & Jones, for appellants.*

*Hays & Stone, for appellee.*
[Cited *Ward v. Edge,* 100 Ky. 766, 39 S. W. 440, 19 Ky. L. 59.]